UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/5/2018

ALEX CASTRO,

                Plaintiff,

-against-

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

15-cv-1459 (NSR)(JCM)

ORDER AND OPINION

NELSON S. ROMÁN, United States District Judge:

Plaintiff Alex Castro ("Plaintiff") commenced this action, pursuant to 42 U.S.C. § 405(g), challenging the administrative decision of the Commissioner of Social Security ("the Commissioner"), which denied Plaintiff's applications for Supplemental Social Security Income benefits ("SSI"), finding him not disabled under the Social Security Act (the "Act"). By Stipulation and Order, dated January 7, 2016, the parties consented to remanding the matter back to Social Security Administration ("SSA") for further proceedings. (ECF No. 15.) By Notice of Motion, dated July 18, 2018, Plaintiff moved for attorney's fees awarding fees under 42 U.S.C. §406(b)(1). (ECF No. 26.) Defendant opposed the application on the basis that Plaintiff's award of benefits was not directly achieved by Plaintiff's counsel. (ECF No. 31.) The Court referred this case to Magistrate Judge Lisa M. Smith ("MJ Smith"), pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), for all purposes, including to issue a Report and Recommendation ("R & R") on Plaintiff's motion. (ECF No. 6). Now before the Court is MJ Smith's R & R, recommending that the Court GRANT Plaintiff's motion for an award of attorney's fees. (ECF No. 33.). The Parties had until September 26, 2018 to submit objections to the R & R but no objects were filed. For the following reasons, the Court adopts MJ Smith's R & R in its entirety and GRANTS Plaintiff's motion for attorney fees.

1

## BACKGROUND

The following facts are summarized and taken from the administrative record and the parties' submissions.

On or about April 30, 2012, Plaintiff sought SSI benefits alleging a disability with an onset date of April 24, 2012. Plaintiff's application was denied and he requested a hearing before an Administrative Law Judge ("ALJ"). On April 26, 2013, an ALJ held a hearing and by decision, dated May 10, 2013, denied Plaintiff's application. On June 12, 2013, Plaintiff requested a review of the ALJ's determination.

On August 15, 2013, Plaintiff retained counsel, Binder & Binder, to represent him before the SSA. On November 11, 2014, Binder and Binder submitted comments to the Appeals Council in support of Plaintiff's appeal. On December 30, 2014, the Appeals Council denied Plaintiff's request for review. On February 19, 2015, Plaintiff retained the Law Offices of Charles E. Binder and Harry J. Binder, LLP (the "Binder Law Offices") to appeal the SSA's denial of the Plaintiff's application for benefits. The retainer agreement provided that Plaintiff may apply for fees from the district court pursuant to 42 USC § 406 not to exceed 25% of the past-due due benefits owed to Plaintiff and his family. The Binder Law Offices provided legal services to Plaintiff in pursuing his rights to benefits before the District Court.

In September 2015, Plaintiff, represented by counsel, commenced the instant action seeking to review the SSA's final determination denying Plaintiff benefits. On January 7, 2016, the parties stipulated to remand the case to the SSA for further administrative proceedings. The Court entered an order of judgment remanding the matter. By stipulation, dated March 18, 2016, the parties agreed that Defendant would pay Plaintiff attorney's fees totaling $4,700.00 and $400.00 in cost. On October

30, 2017, a second ALJ held a hearing. At the hearing, Plaintiff amended his claims to assert an onset date of February 24, 2014. On January 16, 2018, the ALJ entered a finding deeming Plaintiff disabled.

On July 18, 2018, Plaintiff filed the instant motion seeking an award of $8,780.50 in attorney's fees, representing 25% of the past-due benefits awarded to Plaintiff. Plaintiff's past due recovery from March 2014 through February 2018 totaled $35,032.00, with $8,780.50 constituting 25% of the award. Plaintiff's counsel acknowledges that he was previously awarded $4,700.00 in legal fees and agrees to refund the lesser of the two fees directly to Plaintiff.

## STANDARD OF REVIEW

A magistrate judge may "hear a pretrial matter dispositive of a claim or defense" if so designated by a district court. *See* Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1)(B). In such a case, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *accord* 28 U.S.C. § 636(b)(1). Where a magistrate judge issues a report and recommendation,

> [w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

28 U.S.C. § 636(b)(1); *accord* Fed. R. Civ. P. 72(b)(2), (3). However, "[t]o accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003) (*quoting Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *accord Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.") (*quoting Small v. Sec. of HHS*, 892 F.2d 15, 16 (2d Cir. 1989)); *see also* Fed. R. Civ. P. 72 advisory committee note (1983 Addition, Subdivision (b)) ("When no timely objection

3

is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

To the extent a party makes specific objections to an R & R, those parts must be reviewed *de novo*. 28 U.S.C. 636(b)(l); Fed. R. Civ. P. 72(b); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich*, No. 04-cv-5061, 2007 U.S. Dist. LEXIS 4592, at *2 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks omitted). But to the extent "a petition makes only general and conclusory objections . . . or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-cv-5066, 2008 U.S. Dist. LEXIS 22981, at *18 (S.D.N.Y. Mar. 25, 2008). The distinction turns on the whether a litigant's claims are "clearly aimed at particular findings in the magistrate's proposal" or are a means to take a "'second bite at the apple' by simply relitigating a prior argument." *Singleton v. Davis*, No. 03-cv-1446, 2007 U.S. Dist. LEXIS 3958, at *2 (S.D.N.Y. Jan. 18, 2007) (citation omitted).

## DISCUSSION

Neither Plaintiff nor Defendant timely objected to the R & R. Thus, the Court reviews the R & R for clear error.

A claimant may be entitled to attorney fees pursuant to the Act, 42 U.S.C. § 406(b). *Salvo v. Comm'r of Soc. Sec.*, 751 F. Supp. 2d 666, 668 (S.D.N.Y. 2010). In particular, the Act provides that a claimant, who is represented by counsel, is entitled to reasonable attorney fees, not to exceed 25% of the past-due benefits claimant is entitled to, upon entry of a favorable judgment. 42 USC § 406(b)(1)(A). In the determining whether to award legal fees, the courts first look to the retainer agreement and then test the agreement for reasonableness. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). In her R & R, MJ Smith, considered multiple factors, including whether the contingency fee

agreement was capped at 25%, as required by statute, whether there was any indicia of fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney. Defendant did not object to the reasonableness of the fees requested, it chose instead to call into question Plaintiff counsel's role in achieving a favorable result. As determined by MJ Smith, counsel's role in initiating the instant lawsuit and entering into a stipulation remanding the matter to the agency for further review were sufficient relevant acts warranting an award of attorney's fees under 42 U.S.C. § 406(b). Accordingly, the Court adopts the R & R in its entirety and determines that counsel is entitled to recover $8,780.50, representing 25% of the past-due benefits awarded to Plaintiff as reasonable attorney's fees.

## CONCLUSION

For the reasons stated above, the Court adopts MJ Smith's R & R in its entirety. Plaintiff's counsel is entitled to recover $8,700.50, as reasonable attorney's fees. Said funds are to be made payable to the Law Offices of Charles E. Binder and Harry J. Binder, LLP. The Court directs Plaintiff's counsel to refund the amount of $4,700.00, previously awarded as attorney's fees, to Plaintiff. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 26 and to terminate the action.

Dated: October 05, 2018            SO ORDERED:
      White Plains, New York

NELSON S. ROMÁN